AO 106 (Rev. 04/10) Application for a Search Warrant

FILED
UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

20 JAN 13 PM 4:01

CLERK-LAS CRUCES

# UNITED STATES DISTRICT COURT
for the
District of New Mexico

In the Matter of the Search of
*(Briefly describe the property to be searched or identify the person by name and address)*

626 E. 34th Street, Silver City, New Mexico 88061, and any outbuildings and vehicles on the premises

Case No. 20MR58

## APPLICATION FOR A SEARCH WARRANT

I, a federal law enforcement officer or an attorney for the government, request a search warrant and state under penalty of perjury that I have reason to believe that on the following person or property *(identify the person or describe the property to be searched and give its location):*

See Attachment A, attached and incorporated herein by reference.

located in the _____ District of _____ New Mexico _____ , there is now concealed *(identify the person or describe the property to be seized):*

See Attachment B, attached and incorporated herein by reference.

The basis for the search under Fed. R. Crim. P. 41(c) is *(check one or more):*

☑ evidence of a crime;

☐ contraband, fruits of crime, or other items illegally possessed;

☑ property designed for use, intended for use, or used in committing a crime;

☐ a person to be arrested or a person who is unlawfully restrained.

The search is related to a violation of:

| Code Section | Offense Description |
|---|---|
| 18 USC 1512(c)(2) | Corruptly obstruct, influence, or impede any official proceeding or attempt to do so. |
| 18 USC 844(h)(1) | Use of fire or explosive to commit a federal felony. |

The application is based on these facts:

☑ Continued on the attached sheet.

☐ Delayed notice of _____ days (give exact ending date if more than 30 days: _____) is requested under 18 U.S.C. § 3103a, the basis of which is set forth on the attached sheet.

_____
Applicant's signature

Nick Dilello, Special Agent, ATF
Printed name and title

Sworn to before me and signed in my presence.

Date: 01/13/2020

_____
Judge's signature

City and state: Las Cruces, New Mexico

Carmen E. Garza, United States Magistrate Judge
Printed name and title

## ATTACHMENT A

## SUBJECT PREMISES

The Subject Premises is located at 626 East 34th Street, Silver City, NM, 88061 and is as a single-story white brick home with brown trim and a brown door. Facing the front of the house from the street, there is a large window on the viewer's right side. There is a rock/gravel front yard. The following photographs show a view of the Subject Premises.

To include all outbuildings and vehicles located on the property constituting the Subject Premises.





## ATTACHMENT B

## ITEMS TO BE SEIZED

All evidence of violations of 18 U.S.C. §§ 844(h)(1) and/or 1512(c)(2), including the following items:

a. Cellular telephones, including partially damaged or destroyed cellular phones or pieces or remnants thereof relating to violations of 18 U.S.C. §§ 844(h)(1) and/or 18 U.S.C. 1512(c)(2), including:

   i. Ashes or other substances located within any grill or cooking device or disposed of in any area of the Subject Premises; or

   ii. Fragments, pieces, or remains appearing to constitute burned or partially damaged or destroyed cellular telephone(s) or components thereof.

b. Cellular telephones, including "Smart" phones and records or data and stored on any cellular telephones relating to violations of 18 U.S.C. §§ 844(h)(1) and/or 18 U.S.C. 1512(c)(2) including:

   i. Digital, cellular, direct connect, and/or other phone numbers, names, addresses, and other identifying information;

   ii. Digital, cellular, direct connect, and/or other phone numbers dialed from, which contacted, or which are otherwise stored on the cellular telephones, along with the date and time each such communication occurred;

   iii. Text message logs and text messages whether sent from, to, or drafted on, the cellular telephones, along with the date and time each such communication occurred;

   iv. The content of voice mail messages stored on the cellular telephones, along with the date and time each such communication occurred;

   v. Photographs or video recordings;

   vi. Information relating to the schedule, whereabouts, or travel of the user of the cellular telephones;

   vii. Information relating to other methods of communications utilized by the user of the cellular telephones and stored on the cellular telephones;

   viii. Bank records, checks, credit card bills, account information and other financial records; and

Page 1 of 2

      ix. Evidence of user attribution showing who used or owned the cellular telephones, such as logs, phonebooks, saved usernames and passwords, documents, and internet browsing history.

c. Records relating to violations of 18 U.S.C. §§ 844(h)(1) and/or 1512(c)(2), including address and telephone books (electronic or otherwise), telephone bills, cellular telephones, pagers, storage unit rental records, stored in any form, including electronic form.

d. Photographs and/or videotapes relating to violations of 18 U.S.C. §§ 844(h)(1) and/or 1512(c)(2), including photographs and/or video tapes of coconspirators, assets, and/or burned or otherwise damaged evidence, stored in any form, including electronic form.

## ATTACHMENT C

## AFFIDAVIT IN SUPPORT OF ORDER AUTHORIZING SEARCH WARRANT

I, Nick Dilello, being duly sworn, state as follows under oath.

1. Your affiant, Nick Dilello, is a Special Agent with Bureau of Alcohol, Tobacco, Firearms and Explosives (ATF) and have been so employed since July, 2015. Prior to July 2015, I was a student at Pennsylvania State University from 2010 to 2014, graduating with a degree in Criminal Justice. Prior to 2010 I served in the United States Marine Corps from 2005 to 2010. As part of training to become an ATF Special Agent, I attended six months of specialized training sponsored by the Federal Law Enforcement Training Center in Glynco, Georgia. As a result of this training, I have been certified as a Federal Investigator and have received specific training involving violations of federal law. I have also received ATF specific training in the determination of probable cause and in the use of warrants and complaints to enforce federal firearms laws. I am currently assigned to the Las Cruces, New Mexico Field Office.

2. Your affiant, being duly sworn, states the following to be true and correct to the best of his knowledge and belief based upon his personal observations and from information provided by knowledgeable law enforcement agents and officers who are involved in the investigation of Jacob GRIJALVA. The facts outlined in this narrative are not meant to be a complete narrative of all that has occurred in connection with this investigation, but are only a summary of facts necessary to set forth probable cause in support of the search warrant and does not purport to set forth all of the affiant's knowledge regarding this investigation.

3. As a result of my training and experience as an ATF Special Agent, I am familiar with federal criminal laws and know that it is a violation of Title 18 United States Code § 1512(c)(2) for any person to corruptly obstruct, influence, or impede any official proceeding or attempt to do so.

4. As a result of my training and experience as an ATF Special Agent, I am familiar with federal criminal laws and know that it is a violation of Title 18 United States Code § 844(h)(1) for any person to use fire or an explosive to commit any felony which may be prosecuted in a court of

the United States.

5. I am familiar with an ATF investigation in which, on March 7, 2019, ATF Special Agent B. Sterling Nixon and Detective Jacob Villegas with the Grant County Sheriff's Department executed a New Mexico state search warrant at 2035 N. Pinos Altos, Silver City, NM 88061, the home of GRIJALVA. Special Agent Nixon and Detective Villegas also executed a New Mexico state arrest warrant on GRIJALVA on that date on the charge of Criminal Solicitation to Commit First Degree Murder (Willful & Deliberate), in violation of N.M.S.A. § 30-28-3 and 30-2-1(A).

6. On August 21, 2019, the United States charged the Defendant with Use of Interstate Commerce Facilities in the Commission of Murder-For-Hire, in violation of 18 U.S.C. § 1958(a).

7. On December 17, 2019, the State dismissed its charges in favor of Federal prosecution.

8. Special Agent Nixon is the case agent assigned to this case, which is set for trial on February 18, 2020. I am familiar with the facts set out in this affidavit as they relate to the case.

9. As part of the investigation leading to the federal charges against GRIJALVA, law enforcement agents provided a confidential informant (CI) with a cell phone, which the CI delivered to GRIJALVA. GRIJALVA used this phone to contact an undercover agent (UC) in order to solicit the murder of an individual as consideration for payment from GRIJALVA. A relevant portion of the transcript of this call is as follows:

| | |
|---|---|
| **DEFENDANT:** | What's the price range? |
| **ATF UC:** | It depends how you pay me. |
| **DEFENDANT:** | …It's straight cash. |
| **ATF UC:** | Usually I wouldn't even fuck with anything like this for anything under 5. |
| **DEFENDANT:** | And that's $500? |

| | |
|---|---|
| ATF UC: | No, no, five Gs, bro…It all depends how you want it done…how messy it is…how much work I got to put into it…that kind of shit. |
| DEFENDANT: | I was looking around maybe one…after I got my money it was not as big as I thought it was so. |
| ATF UC: | Shit, bro…it's hard to run someone off the road for even that much or even get down there. If you got the strap I can use…then I don't have to spend the money on a throwaway of my own. |
| DEFENDANT: | Oh yeah…I can provide you with what you need…and…information and everything…I'm facing charges…I need it done quick. |
| ATF UC: | Does this dude need to go away before you face charges? |
| DEFENDANT: | Yeah, it needs to go…before charges end up coming up…I could get 20 years because it is a firearm charge…I got rentals…stash house…fucking holdings…whatever….transport…I enforce…I could do it …I have no problem…but I can't get close. |
| ATF UC: | Think about how you want it done…like…what makes the most sense…does it need to be kinda high profile…does it need to be…a dude just disappears. |
| DEFENDANT: | That's exactly what I am looking for…Hopefully it happens when I'm in Vegas…Actually, being like caught up there on camera and actually being seen up there would actually be better. |

10. During the search of GRIJALVA's home at 2035 N. Pinos Altos, Silver City, NM 88061, conducted by Special Agent Nixon Detective Villegas on March 7, 2019, the cell phone GRIJALVA used to have the above conversation was not discovered.

11. Special Agent Nixon and Detective Villegas interviewed GRIJALVA on March 8, 2019. An audio-video recording of this interview was made. As part of that interview, Special Agent Nixon and Detective Villegas asked GRIJALVA where the cell phone he received from the CI was. GRIJALVA told Special Agent Nixon and Detective Villegas that the cell phone was still at his home (i.e., 2035 N. Pinos Altos, Silver City, NM 88061). The cell phone was not discovered at this address.

12. The cell phone used by GRIJALVA, if it could be located, would be evidence of the federal crime charged against GRIJALVA. Specifically, as charged, a violation of Title 18 U.S.C. § 1958(a) requires that the defendant use "*any facility of interstate or foreign commerce*, with intent that a murder be committed in violation of the laws of any state or the United States as consideration for the receipt of, or as consideration for a promise or agreement to pay, anything of pecuniary value." 18 U.S.C. § 1958(a) (emphasis added). The cell phone is such a facility of interstate or foreign commerce.

13. On January 6, 2019, defense counsel for GRIJALVA disclosed to the prosecution team photographs depicting a burned cell phone in an outdoor charcoal grill. Defense counsel subsequently represented that these photographs were taken on December 17, 2019 by an investigator working for the defense team. Defense counsel also represented that it was their understanding that the phone depicted in the photographs was the phone used by GRIJALVA to contact the UC.

14. As part of his investigation, Special Agent Nixon listened to recorded jail calls between GRIJALVA and his girlfriend Alyssa Gomez, with whom he had lived at 2035 N. Pinos Altos, Silver City, NM 88061 prior to his arrest on March 7, 2019. Ms. Gomez now resides at 626 E. 34th St. Silver City, NM 88061. GRIJALVA called Ms. Gomez on the phone at least nine times on December 17, 2019. Excerpts of the relevant calls are as follows:

| | |
|---|---|
| **DEFENDANT:** | Anything else happen today? |
| **GOMEZ:** | No, not yet. |
| **DEFENDANT:** | Ok well when it does . . . when it does . . . *when it does,* hello? |
| **GOMEZ:** | I'm listening to you. |
| **DEFENDANT:** | Ok, well just, if anything happens I did it a long time ago. Ok? |
| **GOMEZ:** | Uh-huh, k. |
| **DEFENDANT:** | Ok? I did it a long time ago. |

| | |
|---|---|
| **GOMEZ:** | Ok. |
| **DEFENDANT:** | Ok. |

***

| | |
|---|---|
| **GOMEZ:** | The guy came. |
| **DEFENDANT:** | Oh yeah? How'd that go? |
| **GOMEZ:** | Good. |
| **DEFENDANT:** | Really? |
| **GOMEZ:** | Yeah, he was like, did you know there was this in there and I said no I was telling Jacob that I was going to throw the grill away and he told me not to. And I didn't ask no questions I just brought it. |
| **DEFENDANT:** | Yeah well what'd he say? |
| **GOMEZ:** | He said everything that we're getting here is for Jacob's defense and I said good . . . |

***

| | |
|---|---|
| **DEFENDANT:** | You cleaned it . . . Did you guys clean out the grill? |
| **GOMEZ:** | The grill? |
| **DEFENDANT:** | Yeah . . . Did you guys clean it out or what? |
| **GOMEZ:** | No. |
| **DEFENDANT:** | No, nobody went with you to clean it out? |
| **GOMEZ:** | Nobody . . . It's still the same like it was. |
| **DEFENDANT:** | Nobody went over there? |
| **GOMEZ:** | Yeah. |
| **DEFENDANT:** | Ok, well you guys cleaned it out then. |
| **GOMEZ:** | Yeah. |
| **DEFENDANT:** | Ok, is that the meat you're eating off that grill or no? You guys cook inside or what? |
| **GOMEZ:** | Yeah we cooked inside. |
| **DEFENDANT:** | But that grill's all cleaned out on the side or what? |
| **GOMEZ:** | Yeah. |

| | |
|---|---|
| **DEFENDANT:** | That's good. |
| **GOMEZ:** | It's done, yeah. |
| **DEFENDANT:** | That's awesome. |
| **GOMEZ:** | I already . . . I told you that too. |
| **DEFENDANT:** | Well yeah you brought up meat and I thought you cooked outside. That's why I was asking about it, because you brought up the meat. |
| **GOMEZ:** | Yeah. |

15. I believe that based upon the information contained herein, there is probable cause to obtain a search warrant to search the residence located at 626 E. 34th St. Silver City, NM 88061, in order to procure information, evidence, and/or instrumentalities of a violation of Title 18, United States Code, Sections 844(h)(1), 1512(c)(2), and 1958(a). In particular, the search will be conducted to determine the location of the remains of the cell phone GRIJALVA used to contact the UC in order to solicit murder-for-hire. Such evidence will be relevant to possible additional charges of obstruction of justice and use of fire to commit a felony in violation of Title 18 United States Code Sections 1512(c)(2) and 844(h)(1), respectively.

16. This search warrant was approved by Assistant United States Attorneys Mark Saltman and Taylor Hartstein.

_____
Nick Dilello Special Agent
Bureau of Alcohol, Tobacco, Firearms and Explosives

Subscribed and sworn to before me this 13th day of January, 2020

_____
CARMEN E. GARZA
United States Magistrate Judge